### William Massey v. Galveston, Harrisburg & San Antonio Railway Company et al.

#### No. 363.

1. **Land Titled or Held Under Color of Title from the State Not Subject to Location.**—When by Act of the Legislature certain land acquired by the claimants thereof from Mexico was relinquished to the owners, and in compliance with the act the land was surveyed and the field notes returned to the Land Office, the land was not subject to location as unappropriated public domain, even though the survey as made did not in all respects correspond with the original grant.

2. **Same.**—The land having been surveyed under the Act of 1858, the appellees equitably owned it under color of title from the State, and the subsequent location and survey made by appellant was void.

3. **Void Location.**—The location or patent of lands covered by patents or surveys are without standing, although the first patents or surveys may be void. Knight v. Land Association, 142 U. S., 974.

Appeal from El Paso.    Tried below before Hon. T. A. Falvey.

*Blocker & Clardy, J. P. Hague,* and *Walters Davis,* for appellant.

*Davis, Beall & Kemp* and *Peyton F. Edwards,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellant instituted action of trespass to try title to recover of appellees certain land in the city of El Paso. Appellees answered by general demurrer and plea of not guilty.

In 1858 the Legislature of Texas passed an act relinquishing to certain original grantees in El Paso County certain lands that had been theretofore granted to them by a former government, among the number being "to Juan Maria Ponce de Leon, two caballarias of land called 'El Rancho de Ponce,' now known as the town of Franklin." In this act it is provided, that "it shall be the duty of the several claimants to the land named to have the same surveyed by the district or county surveyor of said county, which survey shall in all respects conform to the metes and bounds designated in the original grant, and upon the return of the field notes thereof to the General Land Office, the Commissioner of the General Land Office is hereby authorized and required to have the same platted on the proper map in his office and issue patents for the same in accordance with existing laws."

In speaking of the Ponce grant, Judge Willie, in the case of Clark v. Hills, 67 Texas, 141, says: "The Legislature, perhaps on account of the meritorious character of the present title and the long continued possession of its owners, confirmed it by statute, without requiring further proof than that body had before it of the justice of the claim. The clear object of the statute was to recognize the validity of the Mexican grant, and to pass all the title of the State as effectually as if it were making a grant de novo, and it confirmed proprio vigore the right and title of the grantee to the extent of the boundaries set forth in his title papers." In the same opinion it is held, that the act was a confirmation, and was not impaired by the required survey of the land, as this was simply to furnish the owners with the highest evidence of the validity of their claims. But no question is made by appellant as to the title to the land confirmed by the Legislature being perfect, but he insists that the survey made under the act gives different metes and bounds from those in the original grant from the Mexican government. It is admitted that the location under which appellant claims is upon land included in the survey made under the Act of 1858, but it is insisted that it is not a part of the land granted by the Mexican government to Ponce de Leon, the title to which was confirmed by the Legislature. In other words, it is contended the survey made by Mills does not correctly describe the Ponce de Leon tract. To show this fact, appellant endeavored to introduce the grant from Mexico, but it was excluded. This is the only error assigned.

Article 14, section 2, of the State Constitution, among other things provides: "That all genuine land certificates heretofore or hereafter issued shall be located, surveyed, or patented only upon vacant and unappropriated public domain, and not upon any land titled or equitably owned under color of title from the sovereignty of the State, evi-

dence of the appropriation of which is on the county record, or in the General Land Office, or when the appropriation is evidenced by the occupation of the owner, or of some person holding for him." Does the Ponce de Leon tract of land fall within the line of "land *titled* or *equitably owned* under color of title from the sovereignty of the State?" If so, then the errors assigned become immaterial, the testimony showing that appellant located on the land in 1886, many years after the survey was made under the provisions of the Act of 1858. The patent under the latter survey was not issued until after the institution of the suit, and appellees' title to the land must rest upon the survey made in 1859 by Anson Mills. We gather from a decision rendered by the present Chief Justice of the Supreme Court, in the case of Winsor v. O'Connor, 69 Texas, 571, that the word "titled" as used in the article under discussion signifies a title that is evidenced by a written instrument, for it is said, "Land is said to be 'titled' when a patent is issued which on its face is evidence that the State has parted with its right and conferred it on the patentee, and the land in question might not come under the class of 'land titled.' While the land was not 'titled,' as that term is used in the Constitution, we are of the opinion that, the land having been surveyed under the Act of 1858, appellees equitably owned the land 'under color of title from the State,' and that the location and survey made by appellant was null and void. We are of the opinion that the survey made by virtue of the Act of 1858 was at least as tenable as one made by virtue of a valid land certificate, and it has been held, that 'surveys of land made by virtue of valid certificates on vacant land' may be said to be 'owned under color of title from the sovereignty of the State,' by the person who owns the certificates by virtue of which the surveys are made." Adams v. Railway, 70 Texas, 253.

In the same opinion it is said: "It was evidently intended by the section of the Constitution referred to, to prohibit the location of land certificates on land lawfully held by evidence of right inferior to a legal title, as well as to prohibit the location of such certificates on land titled."

But it is insisted that the survey made by Mills was in violation of the Act of 1858, in that the metes and bounds in that survey are not the same as those in the grant made by Mexico to Ponce de Leon. An inspection of the grant does not indicate to us that there is any conflict. The description of the land in the grant, proof of which was rejected, is quite imperfect, and the very object, it would seem, in requiring a survey, was to ascertain the land, title to which was confirmed; for if there had been perfect descriptions of the lands there would have been no necessity to have other surveys. However, there is nothing on the face of the survey that would render it void, and a second locator can not be heard to adduce proof to show that the first

survey was void. He is met by the Constitution, and is not allowed to locate on land already surveyed. Niswanger v. Saunders, 1 Wall., 424. In a number of other cases the Supreme Court of the United States has held, that the location or patent of lands covered by patents or surveys are without any standing, although the first patents or survey may be void. Jackson v. Clark, 1 Pet., 638; Galloway v. Finley, 13 Pet., 298; McArthur v. Dun's Heirs, 7 How., 270; Land Association v. Knight, 142 U. S., 161. All of these cases except the last have been cited and approved by our Supreme Court. Winsor v. O'Connor, 69 Texas, 571. The State alone can complain of the irregularity of the survey of the land, and there is nothing in the statute declaring the survey void by reason of irregularities. The proof, had it been introduced, would have shown merely discrepancies, and nothing to render the survey void. In the case of Day v. The State, 68 Texas, 525, it was held that land covered by void titles did not constitute a part of the public domain open to location, and that such lands within the meaning of the Constitution were "lands titled." The survey of this land was made under authority of an Act of the Legislature; and, admit that it was not surveyed as in the grant from Mexico, still it was in no worse position than if it had been surveyed by virtue of a valid certificate and the survey was for some reason void. In the latter case it would not be subject to location, and we can see no reason why it should be in the former. We are cited by appellant to the case of Land Association v. Knight, 85 California, 448, which tends to ssutain his position, but that case was appealed to the Supreme Court of the United States and was there reversed, and the position now taken by this court is sustained in that opinion. Land Association v. Knight, 142 U. S., 161.

We are of the opinion that there is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 6, 1894.

NEILL, Associate Justice, did not sit in this case.