Texas & New Orleans Railroad Company of 1874 v.
E. W. Barber et al.

Decided December 19, 1902.

1.—Notice—Location of Land—Conflicting Surveys—General Land Office Records—Innocent Purchaser.

Where defendant purchased a survey of patented land in conflict with an older railroad survey, described in the elder patent as lying in L. County, although it lay partly in C. County also, and an examination of the maps and other data of record in the General Land Office at the time of the junior location would have disclosed the conflict, it was error for the court to instruct that defendant was entitled to recover on the ground that his vendors were innocent locators of the land, without actual or constructive notice of the prior location.

2.—Same—Improvements in Good Faith.-

Defendant having purchased under a void title, shown to be such by evidence then in the General Land Office and the county surveyor's records, and having accepted the title without examination or inquiry, and having been notified by letter that he had no title before he made improvements on the land, was not entitled to recover the value of such improvements, as having been made by him in good faith, the proof of which rested on his bare statement that he thought he was getting a good title and evidence of the fact that the land had been patented to his vendor.

3.—Corporation—Name—Variance—Surplusage.

Where the plaintiff sued as the "Texas and New Orleans Railroad Company of 1874," proof of the incorporation of the "Texas & New Orleans Railroad Company," in 1859, was sufficient, as the words "of 1874" should be treated as immaterial surplusage.

Appeal from the District Court of Chambers. Tried below before Hon. L. B. Hightower.

*T. D. Cobbs,* for appellant.

*C. F. Stevens, H. E. Marshall,* and *Hugh Jackson,* for appellees.

GARRETT, Chief Justice.—This was an action of trespass to try title brought in the District Court of Chambers County by the Texas & New Orleans Railroad Company of 1874 against E. W. Barber for the recovery of 640 acres of land known as survey No. 1, originally located in Liberty County by virtue of land scrip No. 451, issued by the Commissioner of Claims June 23, 1860, and patented September 30, 1875, by patent No. 577, volume 24, now situated in Chambers County. The appellees Hugh Jackson, L. G. Chambers, Z. T. Winfree, and Mary Winfree were cited in said cause by the defendant E. W. Barber as vendors of the land, upon their warranty of title. The defendant answered with a sworn plea denying the existence and incorporation under the laws of the State of Texas of the plaintiff, and averred that there was no such corporation as the Texas & New Orleans Railroad Company of 1874, and denied the right and capacity of the plaintiff to recover as the Texas & New Orleans Railroad Company of 1874. He further answered by general demurrer, plea of not guilty, pleas of limita-

tion, and a special plea setting up title to 574 acres of the land, disclaiming as to the rest. The contest was over conflicting grants from the State. A jury was demanded, and the cause was submitted to it by the court with the following instruction:

"You are charged that the uncontroverted evidence shows that the plaintiff has the proper title to the land sued for. But the uncontroverted evidence also shows that the locators of the certificate issued to the heirs of T. M. Blake, deceased, for the 574 acres of land, located said certificate upon the land in controversy. And that at the time of such location of the Blake certificate, the locators had neither actual or constructive notice that the land in suit had been appropriated by the plaintiff, and hence were innocent locators, and the defendant E. W. Barber is entitled to recover the 574 acres claimed by him, and you will so find in your verdict. The balance of the section 1 (the land in suit) you will find for the plaintiff, the Texas & New Orleans Railway Company."

Upon the verdict of the jury judgment was rendered in favor of the plaintiff for the excess of the 640 acre survey over the 574 acres claimed by the defendant for whom judgment was rendered for that part of the survey.

Plaintiff showed that the Sabine & Galveston Bay Railroad and Lumber Company was incorporated by a special act of the Legislature of the State of Texas on September 1, 1856; and that by a special act approved December 24, 1859, the name of said corporation was changed to that of Texas & New Orleans Railroad Company. It was shown that the Texas & New Orleans Railroad Company was prosecuting this suit. On September 30, 1875, the State of Texas patented to the Texas & New Orleans Railroad Company and assigns 640 acres of land described as situated in Liberty County known at survey No. 1, 13 miles south 23 degrees west from Liberty, by virtue of land scrip No. 451 issued by the Commissioner of Claims June 23, 1860, being the land described in the petition. The metes and bounds are fully set out in the patent. On September 22, 1879, a patent for 574 acres of the land included in the Texas & New Orleans Railway survey No. 1 here sued for was duly issued to the heirs of T. M. Blake, and the defendant E. W. Barber has acquired by mesne conveyances down to himself whatever title said patent conveyed to the heirs of T. M. Blake. Said 574 acres is the land recovered by the defendant, and it is in conflict with and wholly covered by the said survey No. 1. Neither the defendant nor his vendors who located the land had any actual notice of the appropriation of the same by the plaintiff, or of the patent to it. The copies of the sketches and maps introduced in evidence from the General Land Office show that the 640 acres sued for by the plaintiff lies entirely in Chambers County; that at the time of its location and at the date of the patent therefor the maps in the General Land Office showed that the land covered by it lay partly in both counties, but that the greater part of it lay in Chambers County. At the date of the patent to the heirs of T. M. Blake maps in the Land Office showed the land covered by the survey No. 1 to be entirely in

Chambers County, but a sketch of the Liberty County surveys made by the county surveyor of Liberty County on file in the Land Office and certified by him July 31, 1879, showed the survey as lying in both counties. A sketch from the map of Chambers County in the Land Office at the time of the location and patent of the 574 acres to the heirs of T. M. Blake shows the land included in the patent to be vacant. The surveyor's records of Chambers County do not show that any survey had ever been made or any field notes recorded of the land described in the petition, and a map made and drawn by the county surveyor and used in his office at that time did not show such location.

The defendant inclosed the 574 acres claimed by him in February, 1896, with a fence worth $150. At the time he bought the land he did not know of any adverse claim to it, but made no inquiry or examination as to the title. He says he thought he was getting a good title, and was satisfied with it. Before he commenced making his improvements he was notified that the land claimed by him as patented to the heirs of T. M. Blake was a railroad company survey, and that it was not his land, and that he did not have any title to it. He testified that he knew there were railroad sections in there somewhere. At that time corrected field notes of the Texas & New Orleans Railroad survey No. 1 were on file in the surveyor's office of Chambers County, showing the identity of the locations, and had been recorded in said office since 1890.

There can be no doubt about the identification of the land described in the patent to the Texas & New Orleans Railroad, notwithstanding the misrecital in the description contained in the patent that the land was situated in Liberty County. The issuance of the patent was a grant of the land to the Texas & New Orleans Railroad. Elliott v. Mitchell, 47 Texas, 448. At the time of the patent to the heirs of T. M. Blake the land covered by it was titled land of which there was evidence in the General Land Office. The defendant was bound to take notice of the records in the Land Office which showed that the land was titled land within the meaning of the Constitution. The patent to the heirs of Blake is void; and the defendant acquired no title to the land which it undertook to grant. Const., art. 14, sec. 2. The court erred in holding and in so instructing the jury that the vendors of the defendant were innocent locators.

Upon the question of improvements in good faith, the defendant was holding under a void title, of which fact there was evidence in the General Land Office as well as in the surveyor's records of Chambers County, and although he may not have had any actual knowledge of its nullity at the time he purchased the land, he accepted the title without examination or inquiry. Before he made any improvements he was notified by a letter that the land belonged to the Texas & New Orleans Railroad Company and that he had no title thereto. He still made no inquiry, although he knew there were railroad surveys in that neighborhood. Proof of his good faith rests on his bare statement that he thought he was getting a good title, together with the fact only that a patent had

issued for it to the heirs of T. M. Blake. We are of the opinion that it conclusively appears from the evidence that the defendant was not a purchaser in good faith. It is unnecessary to notice appellant's remaining assignments of error.

The appellees have filed cross-assignments of error, that the court erred in admitting in evidence certified copies from the office of the Secretary of State showing that a corporation known as the Texas & New Orleans Railroad Company had been incorporated; and in admitting in evidence the patent to the land in controversy to the Texas & New Orleans Railroad Company on account of variance, the suit having been brought by "Texas & New Orleans Railroad Company of 1874." The defendant's plea in abatement was that the plaintiff was not duly incorporated as alleged. Rev. Stats., art. 1265 (7). The effect of the plea was to cast upon the plaintiff the burden of proving its corporate existence. 5 Enc. of Pl. and Pr., 82. The objections to the admission of the certified copy of the charter received in evidence over the objection of the defendant was that it was irrelevant and failed to show the incorporation of the plaintiff as alleged. The plaintiff offered in evidence its original petition to show that it brought the suit as the "Texas & New Orleans Railroad Company," but on objection it was excluded by the court. We are of the opinion that the addition of the words "of 1874" should be treated as immaterial surplusage, and that the copy of the charter incorporating the Texas & New Orleans Railroad was properly admitted in evidence. This ruling also sustains the admission in evidence of the patent.

Since the uncontroverted evidence shows that title to the survey No. 1 was vested by the State in the plaintiff, and that the defendant's location was void, and that the improvements were not made in good faith, the judgment of the court below will be reversed, and judgment will be here rendered in favor of the plaintiff for the recovery of the land, and against the defendant Barber on his plea of improvements in good faith; also remanding the cause upon the issue of warranty of title between Barber and the other appellees.

*Reversed and rendered as to the land.*
*Reversed and remanded as to warranty of title.*