KATE L. GILBERT ET AL. v. MRS. LAURA MANSFIELD.

Decided February 15, 1905.

**1.—Public Land—Conflict in Surveys—Titled Land—Constitution.**

Evidence considered, and held to show a conflict between the survey under which plaintiff claims and an earlier railroad survey, the title to certain sections of which defendants held, such conflict being conclusive against plaintiff's right to recover, insofar as her claim conflicts with that of defendants, under the provisions of article 14, section 2, of the State Constitution, prohibiting the location of certificates upon any land titled or equitably owned under color of title from the State.

**2.—Same—Titled Land—Alternate School Sections.**

The alternate sections set apart to the public free school fund were titled lands within the meaning of the Constitution.

**3.—Trespass to Try Title—Conflict of Surveys—Costs—Disclaimer.**

Where the action was trespass to try title to a survey, part of which was in conflict with a prior survey by virtue of which defendants claim, the taxation of costs against defendants, upon judgment going against them, will not be disturbed on reversal and rendition of judgment for defendants for the part of the land in conflict, where they did not disclaim as to so much of the land as was not specifically claimed by them.

Appeal from the District Court of Bandera. Tried below before Hon. Clarence Martin, special judge.

*Ellis & Love, and Charles Montague,* for appellants.—1. When land is patented by the State, such land is segregated from the public domain, and is "titled" land, and is "equitably owned under color of title from the sovereignty of the State," and is not subject to subsequent location

or appropriation, and such is the case regardless of irregularities in the preliminary steps leading up to the issuance of the patents. Bryan v. Shirley, 53 Texas, 448; De Court v. Sproul, 66 Texas, 369; Texas Constitution, art. 14, sec. 2; Winsor v. O'Connor, 69 Texas, 573; Mason v. Russell, 1 Texas, 728; Patrick v. Nance, 26 Texas, 300; Franklin v. Kessler, 25 Texas, 138; Todd v. Fisher, 26 Texas, 240; Wood v. Durrell, 28 Texas, 436; Faulk v. Sanderson, 89 Texas, 694; Hoofnagle v. Anderson, U. S. Rep., Law. Ed., vol. 5, p. 437; Field v. Seabury, U. S. Rep., Law. Ed., vol. 15, p. 654.

2. The Constitution requires the appropriation of the public domain to be evidenced in one of three ways: (a) By record of the appropriation on the county records; (b) by record of the appropriation in the General Land Office, or (c) by occupation by the owner, or by someone holding for him. When either of these methods is complied with, the required evidence is furnished, and the land is not subject to subsequent location. Constitution of Texas, art. 14, sec. 2; Groesbeck v. Harris, 82 Texas, 411; Thomson v. Ford, 14 Texas Civ. App., 34; Bryan v. Shirley, 53 Texas, 460.

*J. R. Storms* and *W. G. Garnett,* for appellee.—1. The locating and surveying of the surveys in question, in Bandera County, by L. E. Edwards, deputy surveyor of Bexar land district, Bandera County at the time being an organized county, and a separate and independent land district, with a duly qualified county surveyor of her own, was without authority of law, illegal and void, and wholly inoperative to segregate said lands covered by said surveys from the public domain, or to withdraw them from subsequent location or appropriation. Linn v. Scott, 3 Texas, 67; Cox v. Railway Co., 68 Texas, 226; Duren v. Railway Co., 86 Texas, 290.

2. An award of public school land to an actual settler by the Commissioner of the General Land Office, under the settler's application to purchase the same, does not constitute such title or color of title as will support a plea of the statute of limitation of three years. Besson v. Richards, 58 S. W. Rep., 611.

NEILL, ASSOCIATE JUSTICE.—The appellee, Laura Mansfield, brought this suit in the ordinary form of trespass to try title, against Kate L. Gilbert, Robert Grigsby and Philip Rinamer (appellants), and Will Tom, to recover possession of the H. T. Sherwood 1,280-acre survey No. 1531.3, situated in the western part of Bandera County.

The defendant Gilbert answered specially that she was the owner of sections 37, 39 and 45 of block 12, Texas Western Narrow Gauge Railway Company lands, which were surveyed for said railway company and patented to the company on May the 3d, 1887; that, at the time of their survey, location and issuance of patent, they were supposed to be in Edwards County; that the field notes of the sections returned to and filed in the General Land Office described them as situated in Edwards County; that when they were located, surveyed and patented, the division line between Bandera and Edwards Counties had not been surveyed, and its location was unknown; that, by mistake, the surveys were described in Edwards County, when, in fact, each is in Bandera County, and in

conflict with the Sherwood survey claimed by plaintiff. She then alleged that plaintiff's claim was a cloud upon her title to said surveys, and asked judgment quieting her title and removing such cloud therefrom.

The defendants Grigsby and Rinamer each answered specially, claiming respectively sections 43 and 44 in block 12, Texas Western Narrow Gauge Ry. Co., alleging substantially the same matters plead by Kate L. Gilbert, and prayed for the same affirmative relief. Each also plead the three, five and ten-years statute of limitations and improvements in good faith. The defendant Will Tom failed to answer.

The case was tried without a jury, and judgment was rendered in favor of plaintiff against all the defendants for the land sued for, from which all of them, except Tom, have appealed.

*Conclusions of Fact.*—It is agreed by the parties that on December 2, 1881, the Commissioner of the General Land Office issued, according to law, land certificate No. 1424 to H. T. Sherwood for 1,280 acres; that on December the 24th, 1881, Sherwood, for a valuable consideration, assigned said certificate to H. Hamilton, who, on that day, filed in the surveyor's office in Bandera County his application, in due form, for a survey of land, the description of which is practically the same as that of the land sued for, by virtue of said certificate; that, by reason of such application, the county surveyor of Bandera County, on January 2, 1882, by virtue of said certificate, surveyed the land described in plaintiff's petition for Hamilton; that the field notes of such survey were duly certified by said surveyor and recorded in his office in Bandera County, and, with the certificate and accompanying plat, were, on the 20th of May, 1882, duly filed in the General Land Office of the State of Texas; and that the school alternate of such survey was properly made.

That Mrs. Laura Mansfield, plaintiff in this case, is, by a regular chain of transfer and devise, the owner of the H. Hamilton title to the survey of land made by virtue of said certificate, which survey lies wholly within Bandera County.

That the Texas Western Narrow Gauge Railway Company surveys were made in 1877, by the deputy surveyor of Bexar land district; that Bandera County was then an organized county, and a separate land district then and on January the 2d, 1882, when the Sherwood survey was located, having a duly elected county surveyor, separate and apart from Bexar land district; that no one was on the land, nor improvements thereon, nor any evidence whatever in or on any of the county records of Bandera of a prior appropriation of the land by the Texas Western Narrow Gauge Railway Company surveys when the Sherwood location was made.

That the field notes of survey No. 50, block 12, Texas Western Narrow Gauge Railway Company surveys tie said survey to survey No. 49; that survey 45 is tied to survey 44, and 44 to 43, 43 to 42, 39 to 38, and 39 to 36; that surveys Nos. 37, 39, 43 and 45 of Texas Western Narrow Gauge Railway Company surveys, claimed by defendants in their respective answers, are each of block No. 12, located for the Texas Western Narrow Gauge Railway Company by virtue of valid land certificate duly issued by the Commissioner of the General Land Office; that survey 44, claimed by defendant Rinamer, is the alternate survey of No. 43.

That all of said surveys Nos. 37, 39, 43 and 45 were located and sur-

veyed on the 17th of January, 1877, by L. E. Edwards, deputy surveyor of Bexar land district, Edwards County at that time being a part of said district; that the field notes of said surveys were returned to and filed in the General Land Office on January the 19th, 1877, and they recited that said land was located in Edwards County, Texas; that on May the 3d, 1887, patents to surveys Nos. 37, 39, 43 and 45 were issued by the State of Texas to the Texas Western Narrow Gauge Railway Company, the patents describing the lands as located in Edwards County and by the field notes filed in the General Land Office.

That defendant Kate L. Gilbert is the owner, by a regular chain of transfers, of the Texas Western Narrow Gauge Railway Company surveys Nos. 37, 39 and 45, and all of survey No. 43 not claimed by defendant Grigsby; that R. Grigsby is the owner, by a regular chain of transfers, of the Texas Western Narrow Gauge Railway Company title to 213.3 acres of survey 43, as described in his answer; that section No. 44, Texas Western Narrow Gauge Railway Co., was duly classified as public free school lands, situated in Bandera County, under the laws of 1883, by the Commissioner of the General Land Office, and placed upon the market, and was subsequently reclassified under the law of 1895, and again placed upon the market, and was purchased by defendant Rinamer as an actual settler in 1897; that since said purchase Rinamer has continuously resided on the land and made all payments due thereon. The county line dividing Bandera from Edwards County was surveyed in 1884.

The facts thus far stated were agreed upon by the parties. The disputed question of fact is, whether the lands claimed by defendants lay within the boundaries of the Sherwood survey. The trial judge held the evidence insufficient to prove the affirmative of this issue. On the contrary, we believe that it is established by the uncontradicted testimony. Upon this issue W. R. Fletcher testified: "I am county surveyor of Bandera County. I surveyed the H. T. Sherwood survey. . . . In making my survey of the H. T. Sherwood survey of land, I found conflicts with it. I found certain surveys of block 12, Texas Western Narrow Gauge Railway Company survey, conflicted with the Sherwood survey as follows: Survey No. 37 conflicted to the extent of 124.3 acres, survey No. 38 conflicted with it to the extent of 37.7 acres, survey No. 43 to the extent of 211.6 acres, survey No. 44 to the extent of 292.5 acres, survey No. 45 to the extent of 5.3 acres. In making the survey of the Texas Western Narrow Gauge Railway Company surveys I started at the southeast corner of survey No. 20, the southwest corner of survey 21, block 12, Texas Western Narrow Gauge Railway Company surveys, at which corner I found a marked corner. I had the field notes calling for and describing this corner, and I identified it by the calls for the bearing tree, a live oak, which I think was 47 feet distant. I found a stake for the corner. From that corner I first ran one mile north, then I ran one mile east, then I ran three miles north to the northwest corner of survey No. 37, Texas Western Narrow Gauge Railway Company lands. From thence I ran the four lines—ran around survey 37. I then ran the four lines of survey 38; then the four lines of 39 in same way. From the southwest corner of survey 43 I ran its four lines. From the southwest corner of survey 44 I ran the four lines of that survey. Also from the

southwest corner of survey 45 I ran the four lines of that survey.  Beginning at the southeast corner of survey No. 20, as stated, I ran one mile north, then I ran one mile east; this brought me to the southwest corner of survey No. 39.  I then ran three miles north; this brought me to the northwest corner of survey No. 37.  I then ran around 37 and tied the remaining surveys to it and to each respectively."  The witness was then shown the attached plat and testified:  "I identify this plat as the one I made from my survey of the lands mentioned.  It is a correct plat according to my survey."

If, as Fletcher testified, he, in making this survey, began at the southeast corner of survey 20, in block 12, Texas Western Narrow Gauge Railway Company lands, and made the survey as he said he did, then there can be no question as to the conflict between the surveys claimed by the defendants, and the Sherwood survey claimed by the plaintiff being as testified by him and shown by his plat of the survey.  In his conclusions of fact the trial judge found that Fletcher, in making the survey, started at what he supposed the southeast corner of survey No. 20, Texas Western Narrow Gauge Railway Company land, block No. 12, but he found that the corner "was not well established or sufficiently identified as the true southeast corner of survey No. 20."  There is no testimony in the record upon which to base this finding, nor that tends to contradict the testimony of Fletcher, that he found that corner and identified it by the field notes which he had with him of the survey, which called for and described the corner just as he found it.  Hence, we have found that there is a conflict between the surveys claimed by defendants and the one sued for by the plaintiff.

*Conclusions of Law.*—The fact of conflict of the survey claimed by plaintiff with those claimed by defendants, when taken in connection with the agreed facts, is, in view of article 14, section 2 of the Constitution, and the construction given it by our courts of last resort, conclusive against plaintiff's rights to recover any of the land claimed by defendants in conflict with that claimed by her.  For it can not be questioned that the railroad surveys in block 12, as well as the alternate sections, are "titled lands," within the purview [of] the article and section of the Constitution cited.  (Texas & N. O. Ry. Co. v. Barber, 31 Texas Civ. App., 84, 71 S. W. Rep., 393; Mills v. Needham, 67 S. W. Rep., 1097; Adams v. Houston & T. C. Ry. Co., 70 Texas, 252; Winsor v. O'Connor, 69 Texas, 571; Massey v. Galveston, H. & S. A. Ry. Co., 7 Texas Civ. App., 650, 27 S. W. Rep., 208; Wright v. Nelson, 46 S. W. Rep., 261; Ely v. State, 84 S. W. Rep., 607.

The case of Texas & N. O. Ry. Co. v. Barber, supra, bears a striking analogy to this case.  There the railway company sued Barber to recover 640 acres of survey No. 1, originally located in Liberty County.  The defendant, by special plea, set up title to 574 acres of the survey located in Chambers County by virtue of a certificate issued to heirs of T. M. Blake.  The 574 acres was in conflict with and wholly covered by survey No. 1.  Neither the defendant nor his vendors who located the land had any actual notice of the appropriation of the same by the plaintiff, or of the patent to it.  A sketch of the map of Chambers County in the Land Office, at the time of the location and patent of the 574 acres to the heirs

of T. M. Blake, shows the land included in the patent was vacant. The surveyor's records of Chambers County did not show that any survey had ever been made or any field notes recorded of the land described in the plaintiff's petition, and a map made and drawn by the county surveyor and used in his office at that time did not show such location.

The court held: "There can be no doubt about the identification of the land described in the patent of the Texas & New Orleans Railroad, notwithstanding the misrecital in the description contained in the patent that the land was situated in Liberty County. The issuance of the patent was a grant of the land to the Texas & New Orleans Railroad. (Elliott's Adm'r v. Mitchell, 47 Texas, 448.) At the time of the patent to the heirs of T. M. Blake the land covered by it was titled land, of which there was evidence in the General Land Office. The defendant was bound to take notice of the records of the Land Office, which showed that the land was titled land within the meaning of the Constitution. The patent to the heirs of Blake is void, and the defendant acquired no title to the land which it undertook to grant. (Const., art. 14, sec. 2.)"

As to the lands involved in this case which are claimed by defendants under the Texas Western Narrow Gauge Railway Company, the facts in the case cited were more favorable to the validity [of] defendants' title under the location by virtue of the Blake certificate than the evidence relied on by plaintiff to sustain her title by virtue of the location of the Sherwood certificate, for, in that case, the land was patented to the Blake heirs, and in this there is no patent to the land claimed by plaintiff, but the surveys claimed by defendants in this case were patented, and that, too, before the Sherwood certificate was located. To say the least of it, these patents constituted the sections claimed by defendants, "titled lands" within the meaning of the Constitution, and withdrew them from location and appropriation as public domain, thus rendering the location of the Sherwood certificate, under which plaintiff claims, insofar as it conflicts with the lands claimed by defendants, absolutely void.

The case of Mills v. Needham, supra, is, as to the alternate section claimed by defendant, Rinamer, equally conclusive against plaintiff's right to recover any of the Sherwood survey in conflict with that section. As is said in that case, "when, by the location and survey, it was separated from the unappropriated public lands, it was, perforce of the Constitution, set apart and appropriated for the support of the public schools; and, when so appropriated, it was consecrated to such use, and could not, by any officer of the State or its Legislature, be diverted therefrom."

Therefore, the judgment of the District Court will, insofar as it affects any of the lands claimed by appellants with which the Sherwood survey is in conflict, be set aside, and judgment here rendered that, as to such lands, plaintiff take nothing by her suit. In no other respect will the judgment of the District Court be disturbed, the costs in the court below being, as it was there adjudged against defendants because none of them disclaimed as to so much of the land sued for as was not specifically claimed by them respectively.

*Affirmed in Part; Reversed and Rendered in Part.*

Writ of error refused.