## Gulf, Colorado & Santa Fe Railway Company v. Everett & Long.

Decided November 16, 1904.

**Carrier—Injury to Property—Damages.**

The fact that property was damaged during transportation and through the negligence of the carrier, does not entitle the owner to refuse to receive it and hold the carrier for its entire value.

Appeal from the County Court of Bell. Tried below before Hon. G. M. Felts.

*J. W. Terry* and *A. H. Culwell,* for appellant.—Where property is injured in course of transportation, but such injury is not to the extent of destroying its identity, and where its identity remains the same on arrival at destination, and some of the product is in an uninjured condition, it is the duty of the consignee to receive the shipment. He can not refuse the shipment because a portion of the product is in a damaged condition, and his rights in the premises, after having received the shipment, are to sue for the injuries received. Gulf, C. & S. F. Ry. Co. v. Jackson, 4 App. C. C., 73; Gulf, C. & S. F. Ry. Co. v. Booton, 4 App. C. C., 103; Baumbach v. G., C. & S. F. Ry. Co., 4 Texas Civ. App., 650; Hutchinson on Carriers, sec. 775.

Delay does not constitute conversion, neither does a damage to property en route authorize the consignee to refuse the shipment on arrival. If a portion of the property is damaged and a portion is not damaged, it is his duty to accept the shipment and sue simply for the difference in the value. He can not maintain suit for the entire shipment. Same authorities.

*A. M. Montieth,* for appellees.—The evidence in this case shows that the defendant, the Gulf, Colorado & Santa Santa Fe Railway Company, by its agent, Mr. Blake, consented and agreed with appellees that the carload of corn should not be delivered to appellees, but should be held by said railway company as its own and subject to its own control and management, and that it sold said carload of corn and appropriated the proceeds thereof to its own use and benefit, and thus became liable for conversion of said property and for the full value thereof, and it can not complain that by the verdict of the jury one-half of the value of said property was assessed against it. ·

KEY, Associate Justice.—Appellees instituted this suit against the Gulf, Colorado & Santa Fe Railway Company, the Missouri Pacific

Railway Company and the Texas & Pacific Railway Company, to recover the market value of a carload of corn shipped by appellees from Foster, Mo., to Belton, Texas, over the lines of railway operated by the defendants.

At the trial the court instructed a verdict in favor of the Missouri Pacific Railway Company, and submitted the case to the jury as against the other two companies. Verdict and judgment were rendered against each company for $144.77½, and each company has prosecuted an appeal.

The trial court gave the following instruction to the jury: "You are charged that in case of a shipment of personal property, which at time of shipment was in good condition and order, and at time of arrival at point of destination was in bad condition or order, so as to materially affect its usefulness or value to the consignee, or the party to whom the shipment was made, and said deterioration of value or use resulted from the carelessness or negligence of the railroad or railroads carrying the same, then in such case the consignee or owner of said property so shipped may refuse to receive said property in such injured condition and may sue the railroad or railroads causing such injury or damage for the value of said property."

This charge is assigned as error, and we sustain the assignment. "As a general rule, the fact that the goods are injured upon the journey through causes for which the carrier is responsible does not of itself justify the consignee in refusing to receive them, but he must accept them and hold the carrier responsible for the injury. . . . Delay on the part of the carrier does not constitute a conversion of the goods, no matter how long continued, so as to make him liable for their value; and so long as the goods remain in specie, however much they may be depreciated in value, the consignee or owner must receive them when tendered, and can recover from the carrier only the damages which he has sustained by the delay." Hutch. on Carr., secs. 770d, 775; Gulf, C. & S. F. Ry. Co. v. Jackson, 4 Texas Civ. App., 74; Gulf, C. & S. F. Ry. Co. v. Booton, 4 Texas Civ. App., 103; Baumbach v. Gulf, C. & S. F. Ry. Co., 4 Texas Civ. App., 650.

In the case at bar there was no total or substantial destruction of the property, but it reached its destination in a damaged condition, which did not render it worthless, but depreciated its value. Such being the undisputed facts, the plaintiffs did not have the right to refuse to accept the property and sue the defendants for its value, and the court erred in giving the instruction complained of.

The plaintiffs pleaded and offered testimony tending to show that the Gulf, Colorado & Santa Fe Railway Company agreed to retain the property and compensate the plaintiffs, but that issue was not submitted to the jury, and if it had been it could not affect the other defendant, because it is not pretended that it was a party to the agreement referred to.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*