Missouri, Kansas & Texas Railway Company of Texas v. W. R. Moore.

Decided November 20, 1907.

**1.—Briefs—Ruling on Exceptions.**

The Appellate Court will not consider errors assigned on the overruling of exceptions which are not set out in the brief.

**2.—Evidence.**

The fact that plaintiff suing a carrier for damages to a car load of onions from alleged unsuitableness of car and delay in transportation would not have shipped in that car had he not been instructed to do so by the consignee was pertinent to defenses pleaded that he bought and shipped merely as agent of the consignee and that he accepted the car with knowledge of its condition, and proof thereof was improperly excluded.

**3.—Carrier—Refusal of Consignee to Receive.**

The consignee can not, by refusal to accept goods damaged or delayed in transit, hold the carrier for the entire value of the shipment, and an instruction that the latter was not liable for the additional damage caused by the consignee's refusal to receive was improperly refused.

**4.—Argument of Counsel.**

It was improper for counsel to refer in argument to the jury to previous proceedings in the case, not in evidence, and relating only to the discharge from liability of a codefendant.

**5.—Instructions—Explanation by Counsel.**

Where the jury asked explanation of a charge of the court, such explanation, if given, should be by the court and not by counsel.

Appeal from the County Court of Rockwell County. Tried below before Hon. J. H. Chrisholm.

The argument of plaintiff's counsel, to which objection was made, was as follows: "We made the Pruitt Commission Company and the railway company both parties to this suit at a former term of this court. The Pruitt Commission Company was let out on a plea of misjoinder and a plea of privilege. The railroad was in court then, and now, since the Pruitt Commission Company have gone hence without

day, the railroad company then again and says: 'These are not our onions, but they belong to the Pruitt Commission Company.' Now this is like a devil's fish muddying the water. They try to assert now, while they sat mum then and saw the Pruitt Commission Company go out, and now they come into court and say these onions belong to the Pruitt Commission Company."

Appellant's thirteenth assignment of error was as follows: "The court erred in sustaining the objections of plaintiff to the following question propounded by defendant to the plaintiff, W. R. Moore: 'If they, the Pruitt Commission Company, had not instructed you to ship in that car you would not have done it.' And the witness would have answered that he would not have shipped the onions in said car if not instructed by the Pruitt Commission Company."

*T. S. Miller, W. C. Jones* and *Stroud & Ridgell,* for appellant.—As a general rule the fact that goods are injured upon the journey through causes for which the carrier is responsible does not of itself justify the consignee in refusing to receive them, but he must accept them and hold the carrier responsible for the injuries. Where the goods reached the destination in a damaged condition, but are not worthless, the consignee may not refuse to accept and recover value. Gulf, C. & S. F. R. R. Co. v. Everett & Long, 37 Texas Civ. App., 167; Railway v. Jackson, 15 S. W. Rep., 128; Baumbach v. Gulf, C. & S. F. Ry., 4 Texas Civ. App., 650; Hutchinson on Car., sec. 770.

*E. D. Foree,* for appellee.

KEY, ASSOCIATE JUSTICE.—W. R. Moore instituted this suit against the Missouri, K. & T. Railway Co. of Texas and the Pruitt Commission Company, seeking to recover damages for an alleged breach of contract for the shipment of a carload of onions from Rockwall to San Antonio, Texas. The Pruitt Commission Company filed a plea in abatement, which was sustained by the court, and that defendant went out of the case. As between the plaintiff and the railway company there was a jury trial resulting in favor of the former, and the latter has appealed.

The first five assignments of error presented in appellant's brief complain of the action of the court in ruling upon exceptions to pleadings, but the exceptions referred to are not set out or their substance stated in the brief, nor has appellant even referred us to the pages of the transcript where such exceptions can be found. Hence we decline to consider the assignments referred to, as well as several others in appellant's brief which are in the same condition.

We sustain the thirteenth and nineteenth assignments, and reverse the case because of the errors therein pointed out. The thirteenth relates to the action of the court in sustaining an objection to a question propounded by the defendant to the plaintiff. If the witness had given the answer to the question which the bill of exceptions states he would, such answer would have tended to show that the property shipped did not belong to the plaintiff, but to the Pruitt Commission Company, as alleged by the defendant. Such answer would also have tended to show knowledge by the plaintiff of the character of the car

and of its condition; and therefore his acquiescence in the use of that car by the defendant in transporting the onions. The question was proper, and the court should have overruled the objection to it.

The nineteenth assignment relates to the refusal of the court to give an instruction requested by the defendant to the effect that, if the jury found from the evidence that when the shipment arrived at San Antonio, its destination, it was not entirely worthless, then it was the duty of the consignee to receive it, and if, by refusal to do so, the damage was increased, the defendant would not be liable for such additional damage as was caused by the refusal to receive the property. The evidence presented that issue, and the instruction referred to should have been given. (Railway Co. v. Everett & Long, 37 Texas Civ. App., 167, and authorities there cited.)

The remarks made by the plaintiff's attorney in addressing the court on the admissibility of certain testimony, and in his concluding argument to the jury complained of in appellant's brief, were improper, and should not have been permitted. There is nothing in the record to indicate that the Railway Company was in any wise responsible for the action of the Pruitt Commission Company in filing its plea of privilege, or for the action of the court in sustaining that plea; and the plaintiff's attorney should not have been permitted to refer to those matters before the jury and attempt to make a point against the railway company on account thereof.

The matter complained of in the twenty-eighth assignment of error is not likely to occur upon another trial. However, we are disposed to agree with appellant's contention that, after a case has been submitted to a jury, no one except the court should give any further instructions or explanations. After having retired for consideration the jury returned, and stated to the court that they did not understand the meaning of a certain portion of the charge. The court did not give any additional instruction, but told the jury that they could read the charge, and, over the objection of the defendant, permitted the plaintiff's attorney to state to the jury his construction of the charge. We think the rule prescribed by the statute should have been pursued, and that no one except the court should have responded to the jury. (Art. 1321, Rev. Stats.; Bailey v. Hartman, 85 S. W. Rep., 830.)

*Reversed and remanded.*