GULF, COLORADO & SANTA FE RAILWAY COMPANY v. C. M. CHINSKI.

Decided December 18, 1908.

**1.—Carrier of Freight—Consignee—Delay in Unloading—Damages.**

A shipment of potatoes was delayed somewhat in transportation, but upon the day after its arrival at destination it was delivered to the consignee who, pending some correspondence with the consignor, delayed unloading the potatoes for six or eight days longer. Held, in an action against the carrier for damages, the evidence as to the damage should have been confined to the condition of the potatoes at the time they were delivered to the consignee, and the court should, by proper charge, have directed the attention of the jury to this fact.

**2.—Same—Same.**

In an action against a railroad company for damages to a shipment of potatoes caused by delay in transportation, where the evidence showed that the potatoes were not unloaded by the consignee for six or eight days after they were delivered to him, upon the item of cost of labor and sacks for resacking the potatoes, the evidence should have been confined to the condition of the potatoes at the time they were delivered to the consignee.

**3.—Damages—Sufficiency of Evidence.**

In an action for damages to a shipment of freight, the evidence should be sufficient to enable the jury to determine the extent of the damage.

Appeal from the County Court of Jefferson County. Tried below before Hon. Jas. A. Harrison.

*Terry, Cavin & Mills, F. J. Duff* and *H. P. Barry,* for appellant.— The court erred in refusing to give to the jury special instruction No. 2 of defendant as follows, to wit: "You are charged that in case of shipments of personal property, which at the time of the shipment was in good order, but that at the point of destination a part of said shipment was in a damaged condition, the consignee or owner must nevertheless receive said consignment in its damaged condition when tendered by the carrier, and a refusal on the part of the con-

signee or owner to receive such shipment upon tender -thereof is a bar against an action for conversion of the entire shipment, and the consignee or owner can recover only such damages as had accrued at the time of such tender by the carrier to the consignee or owner. If, therefore, you find from the evidence, if any, that said consignment of potatoes in controversy arrived in Beaumont in a damaged condition and immediately upon the arrival of said shipment the said railway company tendered to said Chinski said shipment, and said Chinski refused same, then and in that event you are instructed that defendant Chinski can only recover, if at all, for the loss sustained at the time of such delivery, and the burden of proof is on the defendant Chinski to show that there was a loss, and the market value of such potatoes at the time of delivery by the consignee, and unless this proof has been established by the defendant Chinski the railway company is not liable, and you will so find by your verdict."

*Fleming & Fleming* and *Burges,* for appellee.

REESE, Associate Justice.—W. L. Morrow sued C. M. Chinski in the Justice Court to recover a balance alleged to be due for a carload of potatoes sold to Chinski and shipped from Center, Texas, to Chinski at Beaumont. Chinski impleaded the Gulf, Colorado & Santa Fe Railway Company, claiming damages for loss incurred by reason of delay in transporting and delivering the potatoes. Trial in Justice Court resulted in a judgment for Morrow against Chinski and in favor of the railway company on the action against it. Upon appeal to the County Court there was judgment in favor of Morrow against Chinski, and in favor of Chinski against the railway company for $72.15. From this judgment the railway company appeals.

The evidence shows that the potatoes were delivered to the railway company at Center by Morrow, consigned to appellee at Beaumont, on the 27th day of October, 1906; that the car left Center on the 29th of October and reached Beaumont on October 30, and was delivered to appellee on the "team track" for unloading on October 31. Appellee refused to receive the potatoes at that time, claiming that they were not in good condition, and held the matter up, in an effort to reach an agreement with Morrow, for six or eight days, at the end of which time he began to unload the potatoes. It was claimed by appellee that there was some damage to the potatoes when they arrived at Beaumont, occasioned by the negligent delay in transportation, and some evidence of a very indefinite character was introduced as to the amount of this damage. Evidence of a much more definite and positive character was introduced as to the amount of the damages at the time the car was accepted by appellee, and when he began to unload it, and appellant, denying any liability, sought to limit the amount of recovery distinctly to the damage to the potatoes at the time of the delivery of the car to appellee upon its arrival at Beaumont, as distinguished from the damages from delay on the part of appellee in receiving and unloading the car. This, in fact, was the main issue in the case. The court seems to have accepted appellant's contention that appellant would only be liable for the dam-

ages which had accrued at the time of delivery of the car upon its arrival, and so charged the jury in general terms. This was correct. (Baumbach v. Gulf, C. & S. F. Ry., 4 Texas Civ. App., 650; Gulf, C. & S. F. Ry. v. Jackson, 15 S. W., 128; Gulf, C. & S. F. Ry. v. Everett, 37 Texas Civ. App., 167; Chicago & E. I. Ry. Co. v. Chestnut Bros., 89 S. W., 298.)

The appellant sought by proper instructions requested, but refused, to have the attention of the jury specially directed to the distinction between the damages to the potatoes at the time the car was delivered to appellee, and the damages accruing by reason of the additional delay from that time until the car was accepted by appellee and unloaded. The evidence shows that when the potatoes began to decay the deterioration was very rapid. We think it is very likely that under the general charge of the court the jury probably did not regard this distinction, and the necessity of proof on the part of appellee as to the amount of damages at the time of delivery. Appellant had the right to have the attention of the jury specially called to this defense, by requesting a proper instruction on the point. We think its special charge No. 2, set out on page 18 of its brief, under the fifth assignment of error, should have been given, and that the refusal thereof by the court was error which requires a reversal of the judgment. (Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635.)

We think the charge of the court was erroneous as to the right of appellee to recover for cost of labor and sacks for resacking the potatoes. If such items were recoverable at all, it was limited to the cost made necessary by the condition of the potatoes at the time of the delivery of the car to appellee upon its arrival at Beaumont, and would not include such costs of resacking as was necessary on account of their condition at the time of unloading, after the additional delay occasioned by appellee's refusal to accept the car, for which appellant was not responsible. No evidence was introduced tending to show what this cost would have been, appellee only seeking to show the cost of resacking at the time of unloading, when the decay of the potatoes on account of the additional delay had very materially increased. To authorize a recovery the evidence should be sufficient to show the amount of damage to the potatoes upon arrival and delivery.

What we have said requires a reversal of the judgment. Further discussion of the several assignments of error is not necessary. The judgment is reversed and the cause remanded.

*Reversed and remanded.*