HOUSTON & T. C. RY. CO. et al. v. IVERSEN. (No. 7751.)

(Court of Civil Appeals of Texas. Dallas. June 2, 1917. Rehearing Denied June 30, 1917.)

1. CARRIERS ⚯140—CARRIER AS WAREHOUSEMAN.

Where a carrier had repaired an automobile injured in shipment, and the consignee then refused to accept it, the company thereafter held it only as warehouseman.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 609, 609½, 611, 616.]

2. CARRIERS ⚯131—ACTION FOR INJURY TO SHIPMENT—ISSUES, PROOF, AND VARIANCE.

Where a carrier had sent an automobile injured in shipment away to be repaired, and on return the consignee refused to accept it, proof in the consignee's action for damages should have been limited to value of the machine up to the time of its return after being repaired; there being no pleading or proof as to carrier's liability as warehouseman after the return.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593.]

3. TRIAL ⚯252(7)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where evidence showed that automobile injured in shipment was not valueless after being repaired by carrier, an instruction to find a verdict based on value "in the event of a total destruction," held erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 602.]

4. CARRIERS ⚯114 — INJURY TO SHIPMENT — LIMITATION OF LIABILITY.

Ordinarily a carrier's liability for injury to a shipment will cease when the goods are refused by the consignee, although damaged, unless the carrier has extended its liability by an act such as retaining possession and having the goods repaired.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 608–620.]

5. CARRIERS ⚯89 — CONSIGNEE'S DUTY TO ACCEPT DAMAGED GOODS.

The consignee is obliged to accept goods when duly tendered by carrier, although damaged in transportation if not rendered totally valueless.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 324–330.]

6. TRIAL ⚯252(7)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

An instruction that consignee could recover for injuries to an automobile occurring while in carrier's possession after its agreement to repair the machine, rendering it valueless, was erroneous in view of the evidence which did not show that the machine was then valueless, and where consignee had refused to accept it when tendered after it had been repaired.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 602.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit by Henry Iversen against the Houston & Texas Central Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and R. S. Neblett, of Corsicana, for appellants. Callicutt & Johnson, of Corsicana, for appellee.

RAINEY, C. J. A statement of the nature of the case is taken from appellant's brief as follows:

"This suit was instituted by appellee, Henry Iversen, in the district court of Navarro county against the Houston & Texas Central Railroad Company, the Missouri, Kansas & Texas Railway Company, and the Chicago & Alton Railway Company. The object of the suit was to recover damages for injury done to an au-

tomobile belonging to plaintiff, shipped from Springfield, Ill., to Corsicana, Tex. The petition contained two counts: First. That the automobile was worth about $3,300, and when delivered to defendants for shipment in August, 1912, was worth $1,800, and that appellants failed to safely transport the automobile, and that in transit it became broken, damaged, and injured in many of its parts, and that it was so damaged and injured that it was rendered valueless as an automobile, and could not be used for any purpose whatever, and that plaintiff had been damaged to the amount of the value of the automobile, to wit, at least $1,800. Second. The second count in the petition is that if for any reason appellee should not show himself entitled to recover for the full value of the automobile, as above set forth, then he says that the defendants, and especially the Houston & Texas Central Railroad Company, undertook to place the automobile and its equipment in as good condition as it was when received, and that defendants and each of them have failed to do so; that the automobile is now in a very damaged condition, and it is impossible to use it as an automobile, and that it will cost the sum of at least $800 to put it in repair, and in the alternative plaintiff prays for judgment for such amount of damages, $800."

Appellants denied the contention that the automobile had become entirely valueless, and denied that it would cost $800 to repair it, and denied that the automobile could not be used for any purpose. They tendered the automobile in question. The trial resulted in a verdict and judgment in favor of appellee against the appellants in the sum of $1,400.

The first assignment of error complains of the third paragraph of the court's charge, and submits the following objection, to wit:

"Defendants object and except to the third paragraph of the charge to the jury, wherein it submits to the jury the issue as to whether or not there was a total destruction of the automobile in question at the time it reached Corsicana in shipment from Springfield, Ill., and before there was any contract between any of the defendants and the plaintiff with reference to making repairs upon the same. Because there is no evidence in the case which would warrant the submission of such issue to the jury, or which would warrant the jury in finding that there was a total destruction of the machine or automobile in question at the time stated above."

Appellee alleged that the auto was damaged and injured while in transit to the extent of being valueless as an automobile, and "cannot be used for any purpose whatever." It was also alleged in the alternative that defendant undertook to place the automobile in as good condition as when received for shipment, which required $800, and prayed for this amount in the alternative.

The auto reached Corsicana about August 25, 1912. Before being delivered by the railway company it was agreed between Iversen, the owner, and the Houston & Texas Central Railway Company's claim agent that the railway company should retain possession of it, ship it to Dallas, have it repaired, and return it to Corsicana, which was done after which appellee refused to accept it, claiming that it was not properly repaired, and the railway company retained possession thereof, until the trial of this case, which was at the January term, 1916. The testimony as to the worthlessness of the machine was confined to the time of trial, several witnesses placing the value at not less than $100, and more. Several witnesses fixed the value at $2,000 when shipped from Springfield, Ill. There was testimony, in affect, that it would take not more than $825 to repair it when it reached Corsicana. One witness stated that to make it as good as before the damage was done it would take $736.

[1-4] The case seems to have been tried by the court on the theory that appellants still had possession of said machine as common carriers. We think, however, after the return of the machine to Corsicana and the appellee refused to accept it, the railway company held it only as warehouseman from that time. There was no pleading nor proof as to its liability as warehouseman, so the proof should have been limited to the value of the machine to the time of its return from Dallas. The testimony does not show what the car worth at that time, at least it is not sufficient to show that it was valueless at that time, and the court erred in charging the jury to find a verdict, basing it on the value in the "event of a total destruction," etc. Ordinarily, the liability of the railway company as a common carrier would have ceased when the machine first arrived at Corsicana and the appellee refused to accept it, although damaged and had not the railway company extended its liability as such by retaining possession and having it repaired, which extension expired upon the machine being returned to Corsicana and appellee notified thereof.

[5] The following authorities hold that when goods are shipped over a railroad the consignee must receive them, if duly tendered, though damaged in transportation, if not rendered totally valueless: Railway Co. v. Mercantile Co., 104 S. W. 1072; Railway Co. v. Moore, 47 Tex. Civ. App. 531, 105 S. W. 532; Railway Co. v. Chinski, 53 Tex. Civ. App. 21, 114 S. W. 851; Railway Co. v. Bell, 168 S. W. 397; Railway Co. v. Burrus Mill Co., 168 S. W. 1028. There being no testimony that the auto was valueless, although damaged, when it arrived at Corsicana from Springfield, Ill., it was error in the court to submit in the fourth paragraph of its charge the issue of the machine being valueless.

[6] The court also erred in its sixth paragraph of its charge as follows:

"Now, therefore, if you find and believe from a preponderance of all the testimony in this case that after the arrival of said automobile in Corsicana, Tex., from Springfield, Ill., the defendants, or any of them, and the plaintiff herein entered into a contract and agreement by the terms of which said defendants, or any of them, contracted and agreed, in settlement of such damages, to repair and replace said automobile in as good condition as when delivered to defendant at Springfield, Ill., and you further find and believe from a preponderance of all the testimony that the defendants, or such of them

as were parties to and bound by the later contract if made, while in the possession of said automobile and while retaining possession under said contract, damaged and injured said automobile to such an extent as rendered it valueless or permitted it to be damaged, injured and destroyed while in their possession, then, in such event, you will find for the plaintiff damages for such sum as you believe from all facts and circumstances in this case, which would have been the market value of said automobile in its condition when delivered to defendant companies for transportation at Springfield, Ill., not to exceed, however, the sum of $1,800, the amount sued for."

Appellant objects to said charge as follows:

"The court erred in the sixth paragraph of its charge to the jury, in that portion of the same wherein the jury is authorized to find for plaintiff if there was a contract with plaintiff to repair the machine in question in settlement of the damages and thereafter, while in possession of defendants, before its delivery to plaintiff, it was damaged and injured to such an extent as to render it valueless and totally destroy its value, because defendants will not be liable for damages which accrued to the machine which rendered it valueless after defendants tendered the same to plaintiff and he refused to accept and receive it."

This criticism of the charge under the evidence is tenable, because the machine at that time was not shown to be valueless, and appellee having refused to accept it when tendered upon its being returned from Dallas. Under the plaintiff's pleading no recovery for injury after that time could be had. Baumbach v. Railway Co., 4 Tex. Civ. App. 650, 23 S. W. 693; Railway Co. v. Chesnutt (Ky.) 89 S. W. 298.

There are several errors presented, but for the errors here indicated, the judgment will be reversed, and we think it unnecessary to discuss the other assignments not specially mentioned herein.

The judgment is reversed, and the cause remanded.

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes