CONTINENTAL CASUALTY CO. v. CHASE.
(No. 7567.)

(Court of Civil Appeals of Texas. Galveston. April 17, 1918. Rehearing Denied May 16, 1918.)

1. JUDGMENT ⚖═256(6) — CONFORMITY WITH VERDICT—AMOUNT.

Where jury found insured to have been disabled for 21 weeks and 3 days, it was error to render judgment for the benefit of 39 weeks in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, requiring that where a special verdict is rendered the court must render judgment thereon, unless it is set aside and new trial is granted.

2. APPEAL AND ERROR ⚖═1151(2)—DISPOSITION—REFORMING JUDGMENT.

Where jury found on special verdict that insured was disabled for 21 weeks and 3 days, the court's error in rendering judgment for 39 weeks did not require reversal, where there was sufficient evidence to sustain the verdict, and the judgment would merely be reformed.

3. INSURANCE ⚖═665(5)—HEALTH AND ACCIDENT INSURANCE—DEATH FROM ACCIDENT—VIOLATION OF LAW.

Evidence held to sustain verdict for insured on accident policy as against insurer's contention that he was injured as the result of violation of the law in assaulting another.

4. APPEAL AND ERROR ⚖═742(5) — ASSIGNMENTS—STATEMENT.

In a cause tried prior to amendment of Vernon's Sayles' Ann. Civ. St. 1914, art. 1974, by Acts 35th Leg. c. 177 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), refusal of requested charges will not be reviewed, unless the record shows an exception thereto at proper time with proper bill of exceptions and reference to the page of the record where the exception may be found, in view of court rule 31 (142 S. W. xiii), as to the record on appeal.

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Fred W. Chase against the Continental Casualty Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

F. Spencer Stubbs and James B. & Charles J. Stubbs, all of Galveston, and Manton Maverick and M. P. Cornelious, both of Chicago, Ill., for appellant. Marsene Johnson, of Galveston, A. F. Jatho, of Miami, Okl., and Elmore Johnson and Roy Johnson, both of Galveston, for appellee.

LANE, J. This suit was brought by appellee, Fred W. Chase, against appellant, Continental Casualty Company, to recover under a certain policy of insurance issued by appellant to appellee, which, among other things, contains the following:

"In consideration of the warranties and agreements contained in the application herefor and the payments of premium as therein provided, does on this 2d day of December, A. D. 1907, hereby insure Mr. Fred W. Chase (herein called the insured), in class Ord. of the company, as a teamster and contractor in the principal sum of five thousand dollars, with weekly indemnity of twenty-five dollars, and subject to the conditions hereinafter specified promises to pay to the insured or to his beneficiary, Mrs. Carrie A. Chase, his wife, indemnity as scheduled below, in the event that said insured, while this policy is in force, shall receive personal bodily injury, which is effected directly and independently of all other causes through external, violent and purely accidental means (suicide, sane or insane, not included), and which causes at once total and continuous inability to engage in any labor or occupation, and provided that neither such injury nor inability is in consequence of nor contributed to by any bodily or mental defect, disease or infirmity of the insured. * * *

"Part II. Weekly Indemnity. For Loss of Time.

"If such injury shall not result in any of the losses scheduled in part I, the company will pay said weekly indemnity for total loss of time necessarily resulting from injury as before described, for such period, not exceeding fifty-two consecutive weeks, as the insured shall be under the treatment of a legally qualified physician or surgeon by reason of such injury.

"Part III. Special Indemnities.

"In any of the losses covered by this policy and specified in parts I or II, (1) where the accidental injury causing the loss results from voluntary exposure to unnecessary danger or obvious risk of injury, or from the intentional act of the insured or of any other person (assaults committed upon the insured for the sole purpose of burglary or robbery excepted); (2) where the accidental injury causing the loss results from or is received while quarreling, fighting or violating the law—then and in all cases referred to in this part III, the amount payable shall be one-tenth of the amount which otherwise would be payable under this policy, anything in this policy to the contrary notwithstanding, and subject otherwise to all the conditions in this policy contained."

Appellee alleged in his petition:

"That on or about said July 3, 1914, plaintiff accidentally fall off a large float or dray then in motion, in said county of Galveston, Tex., and that the wheels of said vehicle ran over him, causing him to be badly injured in his head, back and all over his body and limbs, and causing him to be severely injured in his body, head, neck, back, arms, spine, back and limbs and causing him to be confined to his bed for more than three months and causing him to be totally incapacitated and unable to perform any part of his duties and work for a period of thirty-nine weeks from the date of said injuries. That the contract of insurance issued to the plaintiff by the defendant provided that in the event the plaintiff suffered and sustained injuries by accident, that it would pay to plaintiff the sum of $25 per week during such time as the plaintiff was totally and wholly incapacitated from performing all of his duties. That by reason of the matters alleged the Continental Casualty Company became indebted to him and promised by said contract of insurance to pay to him the sum of $25 per

week from said July 3, 1914, up to and including the week ending October 12, 1914, said weekly indemnity, as specified in said contract of insurance, amounting to the total sum of $975."

Appellant, the casualty company, answered by general denial and special plea as follows:

"That by the contract of insurance between plaintiff and defendant 'where the accidental injury causing the loss results from voluntary exposure to unnecessary danger or obvious risk of injury, or from the intentional act of the insured or any other person (assaults committed upon the insured for the sole purpose of burglary or robbery excepted), or from the insanity of the insured or any other person, or from voluntary overexertion on the part of the insured; or (2) where the accidental injury causing the loss results from or is received while quarreling, fighting or violating the law, then and in all cases referred to in this part II, the amount payable shall be one-tenth of the amount which otherwise would be payable under this policy, anything in this policy to the contrary notwithstanding, and subject to all the conditions in this policy contained.' And defendant alleges that the injury causing the loss, as defendant is informed, believes, and avers, resulted from and were received while plaintiff was quarreling, fighting, and violating the law, and from voluntary exposure to unnecessary danger and obvious risk of injury, and from the intention of a person named J. W. Bracken, as defendant is informed; that plaintiff attacked and struck said Bracken from behind with a heavy piece of wood or iron whilst the latter was driving a float, and thereby engaged in fighting and quarreling with the said Bracken and in violation of law, on said float while it was moving, and thereby exposed himself to unnecessary danger and obvious risk of injury, and he (said plaintiff) was knocked, pushed, or thrown by said Bracken, and his head was injured or skull fractured, and he was severely beaten by said Bracken with the piece of wood or iron with which the plaintiff assaulted the said Bracken, and which said Bracken took away from the plaintiff in the fight that plaintiff started, and thrown off the float onto the hard street or pavement, bruising and injuring plaintiff, and if plaintiff was run over by the float, and if he was injured thereby, such injury was only a part of the injuries received by him, and all the injuries received by plaintiff whilst violating the law by fighting were intentionally inflicted on him by the party whom he attacked on the moving float, and with whom he was fighting on the moving float, and in violation and in disregard of his contract with this defendant and the terms of the contract, and thereby plaintiff is not entitled to recover more than one-tenth of the amount which otherwise would be payable under the terms of this policy in the event of any liability by defendant for such injuries. And defendant says that the contract between plaintiff and defendant was and is that defendant would · pay indemnity as scheduled in the policy only in the event that said plaintiff shall receive personal, bodily injury, which is effected directly and independently of all other causes through external, violent, and purely accidental means, and which causes at once total and continuous inability to engage in any labor or occupation, and provided that neither such injury nor inability is in consequence of nor contributed to by any bodily or mental defect, disease, or infirmity of the insured, and defendant alleges that the injuries to plaintiff were not purely accidental means, but were directly or indirectly caused by the party with whom the plaintiff was fighting, and who in his own defense resisted plaintiff's attack upon him, and severely beat and bested plaintiff, pushing, throwing, or knocking plaintiff to the ground or pavement, breaking the head or skull or other members of plaintiff's body as hereinbefore alleged, and causing plaintiff to be run over by the wheel of his own float, and all of plaintiff's alleged injuries were intentionally inflicted, and were not caused directly and independently of all other causes through purely accidental means, and the injury and loss is therefore not included in the agreement of the parties, and plaintiff is not entitled to be paid anything according to the terms of the contract.

The case was submitted to a jury upon special issues as follows:

(1) Was plaintiff, Chase, knocked off the float by the driver as he attempted to get on the float?

(2) Did plaintiff, Chase, strike the driver with an iron pipe?

(3) Was plaintiff, Chase, thrown off the float in a fight with the driver?

(4) Were the injuries that incapacitated Chase from work caused by the float running over his body?

(5) How many weeks was Chase totally and continuously unable to work at his business by reason of his injuries?

To these issues the jury answered as follows: First, Yes; second, No; third, No; fourth, Yes; and the fifth, 21 weeks and 3 days. In other words, the jury found: First, that appellee Chase was knocked off a moving float by Bracken, the driver thereof, as Chase was attempting to get on the same; second, that Chase did not strike the driver, nor was he fighting the driver at the time he fell or was thrown from the float; third, that the injury which incapacitated him from the performance of his work was caused by the float running over his body; and, fourth, that such injury incapacitated Chase for a period of 21 weeks and 3 days.

Notwithstanding the fact that the jury had found that appellee, Chase, was totally and continuously unable to work at his business by reason of his injuries for 21 weeks and 3 days only, the trial court disregarded such finding, and rendered judgment in favor of appellee for the sum of $975; said sum being arrived at by allowing appellee $25 per week for 39 weeks, as claimed by him. From this judgment the Continental Casualty Company has appealed.

[1] By its first assignment appellant insists that the trial court erred in disregarding the finding of the jury that Chase was disabled for 21 weeks and 3 days only, and in rendering judgment, based upon the court's finding, that such disability was for a term of 39 weeks. The assignment must be sustained. By article 1990, Vernon's Sayles' Civil Statutes 1914, it is provided that:

"In all cases where a special verdict of the jury is rendered, * * * the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

By an unbroken line of decisions of this state it has been held that it is made the

duty of the court to enter its judgment in conformity with the verdict, whether it be correct or not, even though the uncontradicted testimony is adverse to the verdict. Akin v. Jefferson, 65 Tex. 137; Brown v. Renfro, 57 Tex. 332; Fant v. Sullivan, 152 S. W. 521, and cases there cited; Ketchum v. Boggs, 194 S. W. 201; Darden v. Taylor, 60 Tex. Civ. App. 73, 126 S. W. 944; Waller v. Liles, 96 Tex. 22, 70 S. W. 17; Ablowich v. Bank, 95 Tex. 432, 67 S. W. 79, 881. In the case of Waller v. Liles, supra, the trial court disregarded the verdict of the jury, and rendered judgment contrary thereto. On appeal to the Court of Civil Appeals that court certified to the Supreme Court the following question:

"Whether or not, where, as in this case, the special verdict finds upon a material issue contrary to the undisputed evidence, the court may disregard the finding and enter judgment in accordance with the testimony, rather than upon the verdict."

Answering this question the court said:

"It is deducible from the ruling in that case that the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered. * * * We answer the first question in the negative."

The further citation of authorities to sustain the assignment is unnecessary.

[2] We have reached the conclusion, however, that this error will not require us to reverse the judgment and remand the cause, as there is sufficient evidence to sustain the verdict of the jury; therefore the judgment of the trial court should be so reformed as to enter judgment for appellee for the sum of $527.50, such sum being arrived at by allowing appellee $25 per week for 21 weeks and 3 days, thus conforming the judgment to the verdict of the jury.

The second assignment is as follows:

"The court erred in rendering judgment for 39 weeks total disability at $25 per week, because the same is contrary to the law and the evidence."

. A complete answer to this assignment is made by what has been said under the first assignment. Under that assignment we held that the court did err in rendering judgment in favor of appellee for 39 weeks, and it is therefore unnecessary to repeat the reasons there given to again sustain the same complaint.

[3] This assignment, however, is followed by the contention that the policy of insurance upon which this suit is founded provides, among other things, that when the accidental injury causing the loss results from voluntary exposure to unnecessary danger, or obvious risk of injury, or from the intentional act of the insured or any other person, or where the accidental injury causing the loss results from, or is received while quarreling, fighting, or violating the law, the amount payable shall be only one-tenth of $25 per week during the time of incapacity to labor; that the evidence shows: First, that appellee, Chase, was injured while voluntarily exposing himself to unnecessary danger or obvious risk, by boarding a float while in rapid motion; second, that Chase was intentionally struck and knocked off the moving float by the driver of the float, and that by reason thereof the float ran over his body and caused the injury of which he complains; third, that Chase received his injury while quarreling and fighting, and therefore he cannot recover under the policy more than one-tenth of $25 per week during his incapacity to perform his labors.

We cannot sustain this contention. The evidence shows that the float and team drawing the same were under the control and management of Chase, and there was sufficient evidence to justify a finding that the driver was driving said team at a reckless rate of speed in a public street of the city of Galveston, and that Chase boarded the float for the purpose of having the driver check his speed; that as he boarded the float the driver struck him with a cotton hook, and that he either accidentally fell from the float or was knocked off by the driver, and that by accident the float passed over his body and caused the injury which caused his incapacity to perform his labors. We do not think that under the evidence we would be justified in finding that Chase unnecessarily exposed himself to danger or risk, or that the injury complained of was intended by the driver, or that Chase was quarreling or fighting the driver at the time or just before the accident. These were questions for the jury and the trial court to determine from the evidence, and they found them in favor of appellee, Chase. We overrule the assignment.

The third assignment complains of the several paragraphs of the charge of the court because they fail to submit to the jury certain issues thought necessary by appellant. The complaint is not that the charge was erroneous as far as it went, but only that it did not submit all the issues which should have been submitted.

[4] We think it well settled that prior to the amendment of article 1974 by Acts 35th Leg. 1917, p. 389 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), where a case is submitted on special issues neither party can complain that the court did not submit other issues, unless such party requests the same in writing before the main charge is submitted to the jury, and unless in case of refusal such party shall reserve a bill of exceptions thereto. In a statement under this assignment it is stated that appellant requested the court to submit to the jury the issue of proximate cause of plaintiff's injuries, but there is nothing in the statement to show that an exception was taken to

the refusal of the court to submit the requested charge. This court will not consider an assignment complaining of the refusal of the trial court to submit requested charges in causes tried prior to the taking effect of the amendment by Acts 35th Leg. 1917, to article 1974, Vernon's Sayles' Civil Statutes 1914, unless it be shown by the statement in the brief that such refusal was excepted to at the proper time, and a proper bill of exceptions reserved to such refusal, and reference made to the page of the record where such exception may be found; and especially so where there are 37 bills of exception in the record, as in this case, and where the pages of the record where the bills, if any, may be found are not given. Carlock v. Willard, 149 S. W. 363; Oster v. Oster, 130 S. W. 265; M., K. & T. Ry. Co. v. Moore, 47 Tex. Civ. App. 531, 105 S. W. 532; Sullivan v. Solis, 52 Tex. Civ. App. 464, 114 S. W. 456. The third assignment is overruled. The fourth assignment is overruled for the same reasons given for overruling the third assignment. This court cannot consider assignments complaining of the refusal of requested charges in causes tried prior to the taking effect of Acts 35th Leg. p. 389, unless a bill of exceptions is reserved to such refusal, and unless the statement under the assignment refers us to the page of the record wherein such bill can be found. G., C. & S. F. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; rule 31 (142 S. W. xiii) for Courts of Civil Appeals. See, also, authorities cited under the discussion of the third assignment. There is no reference to a bill of exception in the statement under the assignment. Assignments 5 to 15, inclusive, in different forms practically present the same or similar complaints to those presented by assignments 3 and 4. The same may be said of all of them as has been said with reference to said assignments 3 and 4. They are all overruled. For the reasons hereinbefore pointed out, the judgment of the trial court is here reformed, so that judgment will be here entered in favor of appellee, Fred W. Chase, against appellant, Continental Casualty Company, for the sum of $527.50, instead of for the sum of $975, as rendered by the trial court, and as thus reformed the same is in all things affirmed.

Reformed and affirmed.

