The record in this case is not altogether clear; it is somewhat complicated and confused; but, as we understand it, on or about 31 March, 1920, a carload of furniture was shipped from Joslin, N. H., to the plaintiff at Wilmington, N.C. over the lines of the Boston Maine Railroad Company, as the initial or receiving carrier, and other connecting carriers, and finally over the road of the Seaboard Air Line Railway Company as the terminal or delivering carrier. This shipment was delayed in transit for a period of more than four months, and plaintiff alleges that same was greatly damaged by reason of the "defendants' negligent transportation and other wrongful acts in handling said shipment."
Upon the arrival of said goods in Wilmington, the plaintiff failed and refused to pay the freight, war tax, and demurrage, which the defendants charged for carrying and transporting said goods, "except on condition the defendants allow a credit of same as a part payment of plaintiff's claim" for damages alleged to have been sustained by reason of negligent delay in transportation, etc. The terminal carrier declined to deliver the goods or to surrender their possession, under the terms as stated; whereupon the plaintiff sought to obtain possession of said furniture by claim and delivery proceedings. C. S. 830 et seq.; Walterv. Earnhardt, 171 N.C. 731. In this action the defendant, Seaboard Air Line Railway Company, executed a replevin bond and retained possession of the goods as allowed by law. C. S. 836. It does not (266) appear that any pleadings were ever filed in this case.
The plaintiff then sued out a writ of attachment, in an action for damages, against the Boston Maine Railroad Company and joined the Seaboard Air Line Railway Company as a party defendant. Thereafter, at the regular September Term, 1921, of the Superior Court of New Hanover County, as appears from the record, the following proceedings were had, to wit:
"Upon the calling of both the claim and delivery suit and the attachment suit, for trial, the defendants, through their counsel, stated to the court that no jury would be necessary, because counsel for plaintiff would admit that the pleadings did not allege plaintiff had tendered the bill of lading and transportation charges on said shipment. . . . *Page 285 
"Upon reading the pleadings, the court inquired of counsel for plaintiff if he admitted that plaintiff had not tendered the freight and other charges for transportation, as set out in said pleadings, and upon counsel answering that he did accordingly admit, the court decided that the plaintiff could not recover, and gave judgment for the defendants as set out in the record."
The concluding paragraph of said judgment is as follows: "It is ordered and adjudged that plaintiff take nothing by this action, that defendants go without day and recover of the plaintiff their costs, and that the ancillary proceeding in this cause be and the same is hereby dismissed."
From the foregoing it would seem that the two suits were consolidated and considered as one. This was so stated on the argument before us, and there is only one judgment appearing on the record.
Conceding that under authority of Lumber Co. v. R. R., 179 N.C. 359, plaintiff was not entitled to the immediate possession of the shipment, without first having tendered the freight, war tax, and demurrage charges, yet we see no valid reason why it should not be permitted to proceed on its claim for damages, under the doctrine announced in Whittington v. R. R.,172 N.C. 501, and cases there cited.
It will be observed that plaintiff has not abandoned the shipment and brought suit for its full value; but its second action was to recover damages for delay in transit and alleged negligent injury to the goods.Parsons v. Express Co., 25 L.R.A. (N.S.), 843, and note.
The cause will be remanded for further proceedings; and, as the record is somewhat ambiguous, it would seem that an amendment to the pleadings would not be amiss.
New trial.
(267)