CITIZENS' NAT. BANK v. E. V. GRAHAM & CO. et al.

No. 2408.

Court of Civil Appeals of Texas. El Paso.
Feb. 20, 1930.

C. W. Tate, of Odessa, for appellant.

W. E. Lessing, of Abilene, and B. Frank Haag, of Midland, for appellees.

HIGGINS, J.

Appellant brought this suit against the individuals composing the partnership of E. V. Graham & Company upon certain notes executed by said company, and to foreclose a deed of trust dated March 26, 1927, upon land securing payment of the notes.

The J. M. Radford Grocery Company had a deed of trust upon the same land, dated May 9, 1928, securing indebtedness to it of Graham & Co., filed for record May 14, 1928. Plaintiff's deed of trust was filed for record October 4, 1928.

Plaintiff joined the J. M. Radford Grocery Company as a party, defendant asserting it had notice, actual or constructive, of plaintiff's prior deed of trust. As between plaintiff and the grocery company, the issue was as to the priority of their respective liens, which issue was dependent upon the question of notice.

The court refused to submit the issue of constructive notice, but submitted the issue of actual notice, which was found in plaintiff's favor. Upon this finding, judgment was rendered and entered establishing the priority of plaintiff's lien. Judgment of foreclosure was also rendered against the makers of the note, but they were relieved of personal liability upon their plea of discharge in bankruptcy. Motion was filed by the grocery company to set aside the finding and judgment and grant a retrial.

At the same term, on October 12, 1929, the motion was heard, and the court ruled it was well taken, and was "of the further opinion, after studying the testimony in this cause, that the defendant, J. M. Radford Grocery Co. was entitled to an instructed verdict up-on the original trial of said cause, and the court is of the further opinion that there was not sufficient testimony produced upon the trial of this cause to authorize the submission of the special issue to the jury that was submitted to the jury."

"It is therefore ordered, adjudged and decreed by the court that the judgment heretofore rendered in this cause on the 3rd day of October, 1929, be and the same is hereby set aside and held for naught, and the court does here now render judgment for the defendant, J. M. Radford Grocery Company, as prayed for in its answer." The decree then proceeds to the rendition of judgment establishing priority of the lien of the grocery company. From this judgment the plaintiff appeals.

Under the practice in this state the trial court is without authority to render judgment contrary to the findings of the jury upon the material issues in the case. It is wholly immaterial that the evidence did not warrant submission to the jury or that the finding made is wholly unsupported by the evidence. In such cases the authority of the trial court is limited to setting aside the verdict and judgment and granting a retrial. Articles 2209 and 2211. R. S.; Waller v. Liles, 96 Tex. 22, 70 S. W. 17; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607, 608; Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; Pantaze v. Farmer (Tex. Civ. App.) 205 S. W. 521; Continental, etc., v. Chase (Tex. Civ. App.) 203 S. W. 779; Posey v. Adam Schaaf & Co. (Tex. Civ. App.) 189 S. W. 977.

It follows the judgment of October 12th must be reversed and the cause remanded for retrial. This reversal, of course, does not set aside that portion of the judgment sustaining the motion for retrial and setting aside the previous judgment. The case stands for retrial upon the merits.

By cross-assignments and supporting propositions appellee asserts the court erred in submitting the issue of notice because the evidence did not raise the same; further that the finding upon the issue is unsupported by the evidence. This matter is not before us for review. The trial court has already sustained these contentions and set aside the adverse finding and judgment. This court has no authority to review the action of a trial court in granting a motion for retrial. Any opinion we might express upon the subject would be wholly unauthorized and dictum.

Reversed and remanded.