### JONES v. PRINE et al.
### No. 7445.

Court of Civil Appeals of Texas. Austin.
May 7, 1930.

Anderson & Jones, of San Angelo, for plaintiff in error.

Johnson & Burns, of San Angelo, for defendants in error.

BAUGH, J.

Plaintiff in error sued R. M. Prine and wife as makers, and H. L. Henderson as indorser, for the balance due on a promissory note, and for foreclosure of a mechanic's and materialman's lien given by Prine and wife to Henderson on a lot in San Angelo, Tex., to secure its payment. He alleged that Henderson, payee in said note, had assigned said note and lien to A. C. Dunn, who delivered same to plaintiff in error. Henderson answered that said note and lien were obtained by Jones and Dunn through surreptition and fraud, and without his knowledge or consent; and that they had placed same of record to his damage in certain respects and in amounts alleged. Prine answered, pleading payment in full of the note, but subsequently withdrew his answer and permitted judgment against him for the balance due on said note. The trial court, at the close of the evidence, instructed the jury to find for Jones against Prine for the amount alleged and for a foreclosure of the materialman's lien sued upon; which finding the jury returned as a part of its verdict. In response to other issues made by the pleadings and submitted to them, the jury further found: (a) That Prine, who had delivered said note and lien to Jones after Henderson had indorsed same, had no authority from Henderson to deliver said note and lien to Jones in payment for building material furnished by Jones to Prine; (b) that Jones and Dunn, conspiring together, surreptitiously and unlawfully obtained possession of said note and lien and filed same for record in Tom Green county; (c) that by reason thereof Henderson, who had constructed a house on said property for Prine, and to whom Prine had executed a

subsequent note and lien on the same property, was thereby prevented from obtaining a loan on said property; and (d) that Henderson was damaged thereby in the sum of $71.50.

The court thereupon rendered judgment in favor of Jones against Prine for $1,307.85, the balance due on said note; in favor of Henderson against Jones and Dunn for $71.50; but denied to Jones a foreclosure of the materialman's lien. The only issue presented on this appeal is whether or not Jones was entitled to have said materialman's lien foreclosed.

We have reached the conclusion that he was. There was a jury finding, specifically that plaintiff in error should have his lien foreclosed, which the trial court could not ignore in entering judgment. He should have entered a judgment in accordance therewith, or should have set same aside and ordered a new trial. In this state it has been repeatedly held that a trial court has no power to render a judgment non obstante veredicto. Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544; Driskill Hotel Co. v. Anderson (Tex. Civ. App.) 19 S.W.(2d) 216; Bank v. Graham (Tex. Civ. App.) 25 S.W.(2d) 636, 637.

In the instant case two issues were presented, the right to a judgment on said note and the right to foreclose the lien given by Prine to secure it. Prine owned the land and owned the note. It was he who delivered both note and lien to Jones, both indorsed by Henderson. Henderson was awarded his damages against Jones and Dunn for whatever injury was done by them. Prine in effect admitted Jones' right to a judgment against him both for the debt and for foreclosure of a lien on his property. The court instructed a verdict in favor of Jones on both issues, to which instruction Henderson offered no objection, and is not now in a position to complain. It is true that Henderson claimed that Prine had, subsequent to execution of said first note and lien, executed and delivered to him (Henderson) another note and lien which superseded the first ones here sued upon. But Henderson has not pleaded a priority of his lien on said property nor sought any foreclosure thereof either as against Prine or Jones; hence the question as to whether his lien was, under the circumstances, prior to that asserted by Jones, is not before us.

Henderson having been awarded his damages for the conduct of Jones and Dunn in acquiring said note and lien from Prine, Prine having in effect admitted Jones' right to a judgment both for his debt and for foreclosure of said lien, and Jones' right to a foreclosure of his lien on Prine's property being the same as his right to a judgment on the note, we think the trial court had no authority to deny him such foreclosure. And this is true independent of the fact that there was a jury finding in favor of Jones against Prine both for the amount recovered and for a foreclosure of his materialman's lien.

The judgment of the trial court is therefore reformed so as to award to plaintiff in error a foreclosure of his materialman's lien as prayed for. In all other respects the judgment is affirmed.

Reformed and affirmed.