## GARCIA v. GARCIA.

No. 9843.

Court of Civil Appeals of Texas. San Antonio.

May 20, 1936.

Raymond, Algee & Alvarado, of Laredo, for appellant.

N. A. Rector and John L. George, both of Laredo, for appellee.

BOBBITT, Justice.

The record brought here by the parties shows that appellant, Julio R. Garcia, and appellee, Maria Castaneda de Garcia, were first married on March 30, 1927, and that they terminated that "pledge of faith and confidence" on November 5, 1928. Five days thereafter they were remarried for the second time, and did not call upon the courts for relief from this second expedition until August 10, 1929, when they sought and secured a solemn decree of the court again dissolving the family unit. Then, for the third time, on the 3d day of June, 1930, Julio and Maria again repaired the broken ship, or at least reassembled its scattered parts, and asked and received the sanction of the state, in the form of a marriage license, and set sail once again upon the sea of their alleged love and affection, whose waves on the two former voyages had shattered or overturned their raft of connubial tenderness.

Contrary, then, to the time-honored belief that "the third time is the charm," we find these fearless and venturesome mariners pulling into port again, and asking, not for special or general repairs, but for the complete annihilation of the little craft in which they had set sail in the enticing month of June, for their third effort to reach the harbor of endurance, if not happiness. Then we are chagrined, though not surprised, to read that on December 8, 1931, the state, through the agency of an honored and devoted district judge, was called upon to exercise the power and majesty of the people's law in performing the obsequies alleged to be necessary in connection with the desire and demand of these thrice contracting parties to get away from "cruel treatment" and avoid a "living together" declared by each of them to be "insupportable." The parties were then divorced for the third time.

Still again, and on September 11, 1932, these same parties were married, and endured each other until July 4, 1934, when they again separated, and this fourth suit for divorce was instituted.

It appears from the record before us that the pleadings and proof in this case are sufficient to sustain this fourth decree of divorce granted to appellee through the judgment entered herein. In any event, no error is assigned or complaint made of the judgment in so far as provides for a divorce in favor of appellee.

The only propositions submitted for our determination on this appeal concern the question of the property rights of the parties.

Under appropriate charge, the court submitted the questions of (a) which party, if either, was entitled to the divorce, and (b) that the appellee was entitled to one-half of the net earnings or rents or profits received by either during their married life, and directed the jury that, in case of a divorce in favor of either party, to find and state the amount of such net income, if any, above the current expenses, so received by the parties; and to state the amount thereof, if any, in their verdict; also to state in their verdict how much of such net income has been received by each party.

The jury returned the following verdict:

"We, the jury in the above styled numbered case, find for the plaintiff, Mrs. Maria Castaneda de Garcia, to be entitled to a divorce from Julio R. Garcia.

"We also find from the evidence that the net income amounted to approximately $5,000.00 and we find that Mrs. Maria Castaneda de Garcia is entitled to the sum of $2,300.00 (Twenty-three Hundred Dollars)."

On March 27, 1935, the trial court entered judgment in favor of appellee, based on such verdict, and by agreement of all parties found that appellee was entitled also to recover $300 as attorneys' fees in addition to the other amount, for the use and benefit of her attorneys, John L. George and N. A. Rector; and entered judgment accordingly.

Thereafter, pursuant to motions for a new trial, the court, on May 11, 1935, set aside or reformed its said judgment entered on March 27th, and, "appellee in open court having agreed that such verdict was excessive in the amount found by the court," the court "reformed the verdict of the jury" so as to read as follows:

"We the jury in the above styled and numbered cause find for the plaintiff, Mrs. Maria Castaneda de Garcia to be entitled to a divorce from Julio R. Garcia.

"We also find from the evidence that the net income amounted to approximately $3000.00 and we find that Mrs. Maria Castaneda de Garcia is entitled to the sum of $1300.00 (Thirteen Hundred Dollars.)"

And judgment was then on such 11th day of May entered on the "reformed verdict" of the jury. The regular term of the court at which this case was tried ended by operation of law on said 11th day of May, 1935.

Thereafter, on May 17, 1935, at the next term of said court, and on motion of appellee's attorneys that the "reformed judgment" as entered on May 11th, "does not truly represent the judgment of the court, and for reasons alleged in their motion," the trial court set aside such reformed judgment and "substituted" still another judgment in this cause, and entered same nunc pro tunc on the 17th day of May, 1935. This last-mentioned nunc pro tunc judgment, however, was to the same general effect and in the same amounts as provided in the above-mentioned "reformed" judgment.

Neither appellant nor appellee complain of the verdict or judgment granting a divorce in favor of appellee.

Appellant, however, attacks the judgment, in so far as it undertakes to ad-

judicate the property rights of the parties, on several assignments of alleged error on the part of the trial court.

Through his first proposition, appellant assails the last or nunc pro tunc judgment as being void, and for the reason that it was entered at an ex parte hearing, without notice to appellant, and on the unverified motion of appellee (plaintiff below) to correct the judgment rendered on May 11, 1935, at a former term of the court, and substituted by the court for such former judgment, because it purports to correct a judicial error.

Appellant also contends, through his second proposition, that, the verdict of the jury having been found to be contrary to the great weight of the evidence and unreasonable, unjust, and excessive, the trial court was without power to reform and reduce the verdict in such amount as the court and appellee's attorneys agreed was excessive and then render judgment upon the verdict as reformed.

It is clear, we think, that in case, as here, where the questions of fact and amounts are submitted to the jury for determination, the findings or verdict of the jury, if based upon disputed evidence, are binding upon the trial court, and any judgment entered pursuant thereto must be in accordance with such findings or verdict. The trial court, in such instances, is without power to substitute his own judgment on the facts or amounts for that of the jury. His only recourse, in such cases, is to set aside the findings or verdict and grant a new trial. Article 2209, R.S. 1925; Miller v. Fields (Tex.Civ.App.) 20 S.W.(2d) 137; Knox v. Brown (Tex.Com. App.) 277 S.W. 91; Citizens' Nat. Bank v. E. V. Graham & Co. (Tex.Civ.App.) 25 S.W.(2d) 636; Grisham v. Grisham (Tex.Civ.App.) 185 S.W. 959.

The record before us shows much testimony, pro and con, in reference to the earnings of the appellant during his marriage and marriages with appellee; the rents and revenues received; and the expenses incurred for the maintenance of the family, as well as for the upkeep, repairs to and taxes concerning the properties owned by the parties. In response to the instructions of the court, the jury found that appellee was entitled to $2,300 as her portion of the net income of the parties during marriage. Then the court, at the request or suggestion of appellee, on the motion of appellant for a new trial, sub-

stituted his judgment for that of the jury, and reduced such amount to $1,300 and in the "reformed" judgment entered thereon permitted the findings of the jury to be changed, long after the jury had been discharged, and such "changed" verdict was incorporated in and became a part of the "reformed" judgment. It is obvious that the trial court was earnestly endeavoring to adjust a family controversy that was unpleasant and which doubtless taxed the patience of the court; and, in fact, it is stated in some of the briefs of the parties that it was understood by or represented to the court that no appeal would be made in the case. However, such action as here complained of and presented cannot be sustained. It is such handling of the jury's verdict that seems to have aroused counsel for appellee to call upon the court for the entry of a third judgment in this fourth suit between the same parties for a divorce. He asked, in an ex parte hearing, without notice to the attorneys for appellant, after the term of court had expired, that the "mangled, mutilated, ridiculous and eviscerated" verdict as incorporated in the "reformed" judgment be further doctored or treated, and then included in his requested nunc pro tunc judgment, and the trial judge obliged him and entered his suggested judgment, after the term of court had expired, and which judgment also contained the same changed verdict in its "mangled, mutilated and eviscerated" form.

There was no attempt, furthermore, as we understand the record before us, to enter the judgment herein based upon the filing of a remittitur in a proper case and in the manner authorized by law. Under the facts of this case and the verdict of the jury as returned, there was and is no fixed rule or principle under which a remittitur could have been considered, even if properly presented; the only manner in which the matter could have been legally handled was the setting aside of the verdict of the jury, the granting of the motion for a new trial, and the entry of a judgment by the court in another and distinct proceeding or trial. General Accident Fire & Life Ins. Corp. v. Bundren (Tex.Com.App.) 283 S.W. 491, and authorities cited. We sustain appellant's first and second propositions, and on the issues of property rights the case must be reversed and remanded.

On the proposition of the sufficiency of the judgment as to granting ap-

pellee a divorce against appellant, neither party assigns error, and we therefore affirm the judgment of the trial court in that respect. Likewise the action of the trial court in entering judgment for court costs in favor of appellee and against appellant, including attorneys' fees in the sum of $300, is affirmed. We sustain appellee's cross-assignments on each of these propositions.

For the reasons above stated, the judgment, in so far as the property rights of the parties are concerned, must be reversed and remanded, and it is so ordered.

Affirmed in part; reversed and remanded in part.